UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE FOSTER,                    )
                                    )
                Petitioner,         )
                                    )     Case No. 3:10-CV-444 JD
        v.                          )
                                    )
SUPERINTENDENT,                     )
                                    )
                Respondent.         )

OPINION AND ORDER

On June 19, 2010, Jermaine Foster, was an inmate at the Westville Correctional Facility. While making rounds, a guard saw him put a cell phone in his pocket. Cell phones are contraband in the prison. When the guard attempted to search him, Foster gave the phone to another inmate and, "he fled the room." ECF 8-1 at 1. The guard pursued and he surrendered.

Two days later, Foster was issued a conduct report (WCC 10-06-0458) accusing him of having shoved the guard while he fled and charging him with Assault/Battery in violation of A-102. He was found guilty of that charge by the Westville Disciplinary Hearing Body (DHB) and punished with the loss of 60 days earned credit time, demoted from credit class 1 to credit class 2, and given a year in segregation. To be guilty of violating A-102, an offender must commit "battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." ECF 8-15 at 4. During his administrative appeal, the Final Reviewing Authority reduced the charge to Battery on staff in violation of A-117 because, "there is no evidence or documentation of a weapon, serious bodily injury, or bodily waste." Nevertheless, because he remained guilty of a class A offense, his punishment was unchanged.

Then Foster filed this habeas corpus petition presenting three grounds for seeking to have the disciplinary proceeding overturned. While the habeas corpus petition was pending before this court, the Final Reviewing Authority, again reviewed the case and again reduced the charge.

> [T]he Conduct Report as written, the evidence and your admission at the Disciplinary Hearing better supports the offense B235 "Fleeing Staff" and will be modified accordingly. I will Dismiss the Time Earning Class demotion and modify the Earned Credit Time deprivation to 15 days. I will also modify the Disciplinary Segregation time to 15 days (time served).

ECF 8-12 at 1.

The first ground that Foster raises is that the Final Reviewing Authority changed the charge and the conviction without ordering a new hearing. In this case, that did not violate due process.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the [fleeing] charge, the reviewing authority's modification did not deprive [him] of his due process rights. *See Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (prison disciplinary committee did not deny petitioner due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same).

*Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). The conduct report clearly described Foster as fleeing. Therefore changing the charge presents no basis for habeas corpus relief.

The second ground that Foster raises is that the conduct report does not support finding him guilty of violating A-117. To the extent that was true, the Final Reviewing Authority has already reduced the charge to B-235. Therefore it is not relevant whether there was evidence to find Foster guilty of A-117. Furthermore, to the extent that Foster might also be arguing that there is insufficient evidence to support finding him guilty of Fleeing, the court "need look no further than one key piece of evidence: [Foster]'s confession." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). At the disciplinary hearing, Foster admitted that the fled from the guard because he had a cell phone. Therefore this ground presents no basis for habeas corpus relief.

Finally, Foster argues that the original sentence of one year in segregation was a violation of prison policy. There are several reasons why this is not a basis for habeas corpus relief. First, the violation of prison policy is not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Second, because his placement in segregation did not extend the duration of his confinement, it cannot be challenged in a habeas corpus proceeding. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement.) Finally, the segregation imposed as a part of this disciplinary hearing was reduced to 15 days by the Final Reviewing Authority. Therefore his placement in segregation is not a basis for habeas corpus relief.

For the foregoing reasons, the petition for habeas corpus is **DENIED**.

SO ORDERED.

ENTERED: October 3, 2011

　　　　　 /s/ JON E. DEGUILIO　　　　
Judge
United States District Court